Liu v. Lynch

BIA
Cheng, IJ
A200 184 452
A098 056 008

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
       PIERRE N. LEVAL,
       JOSÉ A. CABRANES,
       RAYMOND J. LOHIER, JR.,

                         *Circuit Judges.*
_____

JIANRU LIU, JIANHUA LIN,
              *Petitioners,*

       v.                                    14-17
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
              *Respondent.*[1]
_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONERS:** Khaghendra Gharti-Chhetry, Esq., Chhetry & Associates, P.C., New York, NY.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jeffery R. Leist, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jianru Liu and Jianhua Lin, natives and citizens of China, seek review of a December 13, 2013, decision of the BIA, affirming the April 10, 2012, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jianru Liu, Jianhua Lin*, Nos. A200-184-452, 098-056-008 (B.I.A. Dec. 13, 2013), *aff'g* Nos. A200-184-452, 098-056-008 (Immig. Ct. N.Y.C. Apr. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*,

2

426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency reasonably relied in part on Liu's demeanor, noting that he was at times unresponsive and hesitant. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007). That finding is supported by the record. The agency's demeanor finding and the credibility determination as a whole were bolstered by inconsistencies and omissions in the record related to whether members of

3

Liu's church in China were beaten and whether the church building was later demolished.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Xiu Xia Lin*, 534 F.3d at 166 n.3.  The agency was not compelled to credit his explanations for these inconsistencies and omissions.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Having questioned Liu's credibility, the agency reasonably relied further on his failure to provide corroborating testimony or statements from members of his church in the United States.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

   Given the demeanor, inconsistency, and corroboration findings, substantial evidence supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  That determination is dispositive of asylum, withholding of removal, and CAT, as those claims are based on the same factual predicate.[2]  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

---

   [1] Lin's application for asylum, withholding of removal, and CAT relief was based on the same grounds as the application filed by Liu, the lead applicant.  The petitioners have not challenged, and we decline to address, the IJ's alternative finding that Lin's application independently failed on the merits.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk